

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 11, 1962

Honorable Cecil M. Pruett
County Attorney
Hutchinson County
Borger, Texas

Opinion No. WW-1355

Re: Construction of Article
157a V.P.C., with
reference to the use of
the Great Seal of Texas
on stationery, mailed
by a State Official for
the purpose of campaign-
ing.

Dear Mr. Pruett:

You have requested the opinion of this office on the following question:

"Would the use of the Great Seal of the State of Texas on stationery, mailed by a State Offical, for the purpose of campaigning for election, be considered advertising, or giving publicity to goods, wares, or merchandise, or any commercial undertaking, or for any trade or commercial purposes, as defined in this statute?"

We answer your question in the negative.

Section 1 of Chapter 350, Acts of the 54th Legislature, which has been codified as Article 157a, V.P.C. reads as follows:

"No person, firm, or corporation, or any agent, servant, representative, employee, or receiver, of any firm or corporation, shall use any facsimile, imitation, label, trademark, design, device, imprint or form of the Great Seal of Texas for the purpose of advertising or giving publicity to any goods, wares or merchandise or any commercial undertaking, or for any trade or

> <u>commercial purpose</u>. Any person, whether in his
> <u>individual capacity</u>, or as an officer, agent,
> servant, representative, employee or receiver of
> any corporation, who shall violate this Article
> shall be fined not less than Fifty Dollars ($50)
> nor more than One Hundred Dollars ($100), and
> each day of such use shall be a separate offense.
> Provided, however, the reproduction of official
> documents bearing the Great Seal of Texas shall
> not be a violation hereof if such documents are
> reproduced in full and are used for a purpose
> related to the purpose for which said documents
> were issued by the State." (Emphasis supplied)

It is apparent that the latter portion of the underlined
language (i.e., "... giving publicity to any goods, wares or
merchandise, or any commercial undertaking, or for any trade
or commercial purpose") has no application to campaigning for
election or for political purposes, unless a political campaign
is included within the meaning of the terms, "commercial under-
taking" or "trade or commercial purpose."

It is a fundamental rule of statutory construction that
words in common use will be read according to their natural,
ordinary, and popular meaning, unless a contrary intention is
clearly apparent. In particular, words used in a penal statute
should not be broadened or extended beyond their ordinary
meaning. 39 Tex. Jur. Sec. 105. In ordinary usage, a
political campaign has a customary and popular meaning separate
and apart from the ordinary conception of a commercial under-
taking, and had the Legislature intended the prohibition to
apply also to political campaigning, it could easily have so
stated.

It could be argued that the statute prohibits the use of
any form of the Great Seal of Texas for the purpose of any type
of advertising, or in other words that the language of the
statute reading "for the purpose of advertising" is not
modified or limited by the subsequent phrases. It is noted
that no punctuation separates the word <u>advertising</u> from the
remainder of the sentence and we think the clear context of
the sentence, if there be any ambiguity, requires a con-
struction that the words "advertising or giving publicity"
are used in the conjunctive and not the disjunctive sense
and that the type advertising in which the use of the Great
Seal is prohibited is described in the remainder of the sentence.
In this connection, we are aware that the title of the act
reads in part as follows:

"An act to regulate the use of the Great
Seal of Texas so as to prohibit the use
thereof for <u>advertising</u> or an <u>unoffical</u>
<u>use except as provided in this Act...</u>"
(Emphasis added)

While it is true that an act is to be interpreted in
the full light of its title, the title itself has no enacting
force and cannot confer powers not mentioned in the body of
the act. Red River National Bank vs. Ferguson, 109 Tex.
287, 206 S.W. 923. Furthermore, the title or caption of
a bill cannot be controlling as against the plain language
of the act. Salazar vs. State, 169 S.W. 2d 169, 145 Tex.
Crim. R. 529. Here, the only "unofficial use" of the Great
Seal which is prohibited in the body of the act relates to
commercial advertising. Since this is a criminal statute
which must be strictly construed, 39 Tex. Jur. Sec. 146,
we do not believe the language of the statute can be
extended to include the factual situation set forth in your
letter.

Your question is accordingly answered in the negative.

### S U M M A R Y

Section 1 of Chapter 350, Acts of the 54th Legislature,
which has been codified as Article 157a, Vernon's
Penal Code, does not prohibit the use of the Great Seal
of Texas on stationery, mailed by a State Official,
for the purpose of campaigning for election.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Morgan Nesbitt
Morgan Nesbitt
Assistant Attorney General

MN:lp
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Coleman Gay
Robert Patterson
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.